Eric F. Fagan (SBN 87071)
Paul Oudom (SBN 237672)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Road, Suite 211
Chula Vista, CA  91914
Paul@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL MONTANO, an individual, and ANNIE MONTANO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD WIDE CREDIT CORPORATION, corporation; FIRST FEDERAL BANK OF CALIFORNIA, a National Bank; SAM SMARGON, an individual; RON FEINBERG, an individual; and DOES 1 through 20 inclusive, <br><br> Defendants. | Case No.: 08 CV 1183 JM (RBB) <br><br> **Plaintiffs' Opposition to Defendant's Motion To Dismiss** <br><br> Date: September 5, 2008 <br> Time: 1:30 p.m. <br> Courtroom: 16 |

**I.**

**INTRODUCTION**

Through a combination of false statements and predatory loan tactics, Defendants coerced Plaintiffs Daniel and Annie Montano into an adjustable-rate mortgage ("the Loan"). Plaintiffs were unaware of the increases to come in their payments and now Defendant First Federal seeks to foreclose on Plaintiffs' home.

////

## II.
## STATEMENT OF FACTS

Daniel Montano is a material repair technician; Annie Montano is a preschool teacher. First Amended Complaint at ¶20. Prior to taking out the Loan, neither Plaintiff had ever taken out a loan with variable interest rate terms. FAC at ¶21.

Defendant Worldwide brokered the Loan with Defendant First Federal as the lender. FAC at ¶28. Worldwide failed to disclose the provisions of interest rate, late charges, increasing interest rate, and the 110% amortization provision. FAC at ¶24,26,27, and 29. First Federal or Worldwide falsified Plaintiffs' income; neither verified Plaintiffs' income. FAC at ¶31-32. At closing, Worldwide failed to explain the documents; Plaintiffs signed without a chance to read over the documents. FAC at ¶35-36.

From August to November 2007, Plaintiffs' payments increased more than triple from $1,015 to $3,057. FAC at ¶38-39. Plaintiffs requested a loan modification and eventually retained counsel to assist. FAC at ¶41-50. First Federal told Plaintiffs their credit card debt would have to be reduced before qualifying for a modification. FAC at ¶53. Plaintiffs did so, yet First Federal refused to modify. FAC at ¶55.

First Federal later offered a modification but only if Plaintiffs made a down payment. FAC at ¶57-59. Throughout this process, First Federal directed communications to Plaintiffs knowing they had retained counsel. FAC at ¶55,56, and 62.

## III.
## ISSUES

**A. Whether Plaintiffs' State Law Claims Address Unlawful Behavior Or The Internal Affairs Of Defendant First Federal**

Plaintiff's complaint accords with statutes governing debt collection in California.

**B. Whether First Federal Is A "Debt Collector" Under The California Rosenthal Act**

First Federal denies that it is a "debt collector" under the FDCPA. It does not deny that it is a "debt collector" as defined by Code of Civil Procedure §1788.2(c).

**C.    Whether First Federal May Be Held Liable For Violations Of The Rosenthal Act**

Debt collectors as defined by Code of Civil Procedure §1788.2(c) are liable for violations of the Rosenthal Act.

**D.    Whether Plaintiffs' Claims for Fraud, Conspiracy To Defraud, Constructive Fraud, And Punitive Damage Award Are Supported By The Facts As First Federal and Worldwide Had A Principal/Agent Relationship And/Or Were Co-conspirators**

Plaintiffs have set forth sufficient facts to state a claim for fraud and constructive fraud against Worldwide.  However, Defendants correctly state that Plaintiffs have not set forth sufficient facts to support a claim of principal/agency and of conspiracy regarding these particular allegations as against First Federal.  Plaintiffs will do so if given the opportunity to amend.

**E.    Whether The Complaint States Sufficient Facts Indicating First Federal May Have Breached The Implied Covenant Of Good Faith And Fair Dealing And Business and Professions Code Section 17200.**

In paragraphs 41 through 61 of the complaint, Plaintiffs have alleged facts regarding the business practices of First Federal.

## IV.
## STANDARD OF REVIEW

A court should grant a motion to dismiss only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parsky (2d Cir. 1998) 140 F.3d 433, 440. As a general rule, courts do not favor motions to dismiss because of the failure to state claim upon which relief can be granted, and a court should only grant such a motion "sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief." Dann v Studebaker-Packard Corp. (6th Cir. 1961) 288 F.2d 201, 215-6.

A court is to view a motion to dismiss for failure to state a claim with disfavor. As final disposition of civil actions on the basis of bare bones pleadings is a tortuous thing, this

simple standard is apparently often overlooked. Arthur H. Richland Co. v Harper (5th Cir. 1962) 302 F.2d 324, 325.

## V.

## ARGUMENT

**A.  Plaintiffs' State Law Claims Address The Unlawful Behavior Of Defendant First Federal, Not Its Internal Affairs**

Federal law does not expressly preempt the prosecution of state claims against entities regulated by the Home Owners' Loan Act and the Office of Thrift Supervision. See *Fenning v. Glenfed Inc.*, 40 Cal.App.4th 1285, 1298 (1996). Citing two California Court of Appeal decisions, the *Fenning* court stated:

> …. [A]ctions for fraud are governed almost exclusively by state law, and do not raise issues of great federal interest. There is no reason to suppose that Congress intended to preempt common law tort claims, effectively granting …. immunity from such state law claims…." *Id*. at 1298-99

This case and *Fenning* are indistinguishable. Therefore, First Federal is subject to Plaintiffs' state claims.

**B.  First Federal Is A "Debt Collector" Under The California Rosenthal Act**

Plaintiffs' allegations are based on the California Rosenthal Act, not the FDCPA. Therefore, the definition of a "debt collector" is controlled by Civil Code §1788.22(c).

Cal. Civ. Code §1788.2(c) states: "The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(g) states: "The term "person" means a natural person, partnership, corporation,….association or other similar entity."

First Federal **admits** it was "merely attempting to collect on a debt owed to it, and not a third party…." Motion to Dismiss at 2:27-28. As defined above by Cal. Civ. Code §1788.2(c), a "debt collector" need not be collecting debts owed to third parties.

////

Moreover, the Rosenthal Act does not require collecting debts be the principal business of the collector. First Federal's assertion that "the principal business of First Federal is to operate a bank…." is not relevant in this matter.

Therefore, Defendant, through its own admission, is a "debt collector" pursuant to the Rosenthal Act.

**C.   First Federal May Be Held Liable Under The Rosenthal Act**

Plaintiffs state facts upon which legal claims for violation of §1788.17 can be made. Any communication between Plaintiffs and First Federal was based on the debt First Federal was collecting. Even a request for modification relates to the underlying debt. A trier of fact may find violations of §1788.17 under the facts pled in the complaint. Such violations include, but are not limited to the following examples.

First, Defendant states "five conversations in six months cannot be classified as a prohibited act." Motion to Dismiss at 9:10-11. This a legal conclusion stated without any authority to support the proposition that such conversations as a matter of law do not violate §1788.17. This conclusion clearly contravenes the applicable standard of review for motions to dismiss.

Second, First Federal communicated directly with the Plaintiff after First Federal knew the Plaintiff was represented by an attorney. FAC at ¶55,56, and 62. First Federal's intention was to "[discuss] a potential modification of the loan…" Motion to Dismiss at 9:26. Regardless of its intentions, First Federal **admits** it made this communication which is a violation of §1788.17.

First Federal's admissions and unsupported legal conclusions have no bearing on whether Plaintiff has pled sufficient facts entitling them to relief. A trier of fact may find violations of §1788.17. Therefore, Plaintiffs have properly alleged violations of the Rosenthal Act.

////
////

5
Plaintiffs' Opposition to Defendant's Motion To Dismiss

**D.     Plaintiffs Have Not Set Forth Sufficient Facts To Hold First Federal Liable For The Acts Of Worldwide as being An Agent Of and Co-Conspirator with First Federal.**

First Federal can be held liable for the breaches of fiduciary duties of Worldwide in two respects. First, First Federal (as Principal) may be held liable for the acts Worldwide (as Agent).   Second, First Federal may be considered a co-conspirator along with Worldwide. Plaintiffs have not pled these facts sufficiently, but will do so if the court will allow the Plaintiffs to amend their complaint accordingly.

**E.     The Complaint States Sufficient Facts Indicating First Federal May Have Breached The Implied Covenant Of Good Faith And Fair Dealing And Business and Professions Code Section 17200.**

    1.     <u>Plaintiffs Have Stated Facts To Support A Claim For The Breach of The Implied Covenant Of Goof Faith and Fair Dealing</u>

"The issue of whether the implied covenant of good faith and fair dealing has been breached is ordinarily 'a question of fact unless only one inference [can] be drawn from the evidence.' " (<u>Hicks v. E.T. Legg & Associates</u>, 89 Cal.App.4th 496, 509 (2001).

> "There is no obligation to deal fairly or in good faith absent an existing contract. If there exists a contractual relationship between the parties . . .the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations **not contemplated in the contract**." <u>Racine & Laramie, Ltd. v. Department of Parks & Recreation</u>, 11 Cal.App.4th 1026, 1032 (1992) (emphasis added, internal citations omitted.)

First Federal has asserted it has contractual rights in regards to the Plaintiffs' loan. Potential loan modifications must be contemplated in the loan agreement as First Federal held itself out to modify loans and impliedly invited requests for modification.  As there is a contract and Plaintiffs requested a modification, there are sufficient facts to find a breach of the covenant.

    2.    <u>Plaintiffs Have Presented Valid Claims Under Cal. Bus. & Prof. Code §17200</u>

Cal. Bus. & Prof. Code §17200 states "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice…"

Plaintiffs have properly alleged violations of the Rosenthal Act and a failure to negotiate in good faith. Each of these violations can support a violation of §17200. See <u>Farmers Ins. Exch. v. Super. Ct.</u>, 2 Cal.4th 377, 383 (1992).

**F.    The Plaintiffs Request Leave To Amend**

As a general rule, leave to amend a complaint which has been dismissed in full or in part should be freely granted. <u>Fed. R. Civ. Proc.</u> 15(a). Where the Plaintiffs acknowledge that part of First Federal's motion is valid, Plaintiffs request leave to amend.

## VI.
## CONCLUSION

It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1982). This case does not present such a circumstance. Plaintiffs have alleged cognizable claims for relief and factual support for all claims except those discussed above. First Federal's motion should be denied except as to the claims for fraud and conspiracy, which Plaintiffs can rectify upon amendment.

Date: August 19, 2008

                                         /S/ Eric F Fagan_____
                                         Eric F Fagan
                                         Attorney for Plaintiffs